IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WYETH and ELAN PHARMA
INTERNATIONAL LIMITED,

        Plaintiffs,

v.

HON. JON W. DUDAS,
Under Secretary of Commerce for Intellectual
Property and Director of the United States
Patent and Trademark Office,

        Defendant.

Civil Action No. 1:07-cv-01492 (JR)

**COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Wyeth and Elan Pharma International Limited ("plaintiffs") submit the following counter-statement of undisputed material facts, pursuant to Local Civil Rule 7(h), in support of their opposition to Defendant's Motion for Summary Judgment regarding patent term adjustment for United States Patent Nos. 7,179,892 (the ''892 patent) and 7,189,819 (the '819 patent).

1. As a continuation in part of the '942 application, the 20-year term of the '892 patent properly runs from December 6, 2001. (PTO Br. at 3, statement 3)  However, the PTO improperly adopts the March 12, 2003 continuation date in its calculation depicted in the figure at page 25 of its brief.   This is apparently done in an effort to misleadingly portray the term of the '892 as calculated by the PTO as being "at least as long, if not

31619812.DOC

longer, than the seventeen years terms provided by the AIPA and section 154(b)." (PTO Br. at 25)

2. The PTO mischaracterizes the plaintiffs' calculation of the correct patent term adjustment for the '819 patent. The PTO states that the "230 days for the delay in not issuing an initial action within 14 months from the filing date of the application" is "not included due to overlap," citing to the Complaint ¶ 30, thus implying that plaintiffs agree that the 230-day period of delay under (A) is an overlapping period under 154(b)(2)(A). (PTO Br. at 4, statement (6)). Nowhere in the Complaint do plaintiffs state that the 230-day period is "not included due to overlap." In fact, as plaintiffs have clearly stated, under a correct reading of the Statute, the 230-day period of delay under (A) is <u>not</u> an overlapping period under 154(b)(2)(A). (*See* Complaint ¶ 32; Palla Decl. ¶¶ 9(D)-(H)).

3. The PTO's statement that the "'819 patent would have a term of exactly 17 years" (PTO Br. at 4, statement (7)) is thus incorrect because it does not take into account the 230 day period of delay under (A). (*See* Complaint ¶ 32; Palla Decl. ¶¶ 9(D)-(H)).

4. The PTO also mischaracterizes the plaintiffs' calculation of the correct patent term adjustment for the '892 patent. The PTO states that the "345 days for the delay in not issuing the patent within three years of the filing date" are "not included due to overlap," citing to the Complaint ¶ 16 and thus implying that plaintiffs agree that the 345-day period of delay under (B) is an overlapping period under 154(b)(2)(A). (PTO Br. at 5, statement (9)). Nowhere in the Complaint do plaintiffs state that the 345-day period is "not included due to overlap." In fact, as plaintiffs have clearly stated, under a correct reading of the Statute, the 345-day period of delay under (B) is <u>not</u> an overlapping period under 154(b)(2)(A). (*See* Complaint ¶¶ 20-21; Palla Decl. ¶¶ 6(C)-(G)).

5.  The PTO's statement that the "'892 patent would have a term of 17 years and 265 days" (PTO Br. at 5, statement (10)) is thus incorrect because it does not take into account the 345-day period of delay under (B). (*See* Complaint ¶¶ 20-21; Palla Decl. ¶¶ 6(C)-(G)).

Dated: March 19, 2008                              Respectfully submitted,

                                                   [signature: David Bickart]
                                                   David O. Bickart  (DC Bar No. 355313)
                                                   KAYE SCHOLER LLP
                                                   The McPherson Building
                                                   901 Fifteenth Street, N.W., Suite 1100
                                                   Washington, D.C.  20005-2327
                                                   Tel: (202) 682-3500
                                                   Fax: (202) 682-3580

                                                   *Attorneys for Plaintiffs Wyeth and Elan Pharma International Limited*

*Of Counsel*
Richard G. Greco
Patricia A. Carson
Sapna W. Palla
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022-3598
Tel: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for Plaintiffs Wyeth and Elan Pharma International Limited*

31619812.DOC                                       3