IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WYETH and ELAN PHARMA INTERNATIONAL LTD.,<br><br>Plaintiffs,<br><br>HON. JON W. DUDAS<br><br>Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office<br><br>Defendant. | Case No. 07-CV-01492 (JR) |

## NOTICE

Pursuant to the Court's direction, I am hereby filing, for inclusion in the Docket, a copy of a PowerPoint™ presentation used by counsel for the Plaintiffs at the May 13, 2008 hearing on the Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

Dated: May 14, 2008

/s/ David Bickart

David O. Bickart (Bar # 355313)
KAYE SCHOLER LLP
901 Fifteenth Street, N.W.
Washington, DC 20005-2327
(202) 682-3503

13126022.DOC

# Wyeth & Elan Pharma Int'l Ltd.
# v.
# Hon. Jon W. Dudas

Civil Action No. 1:07-cv-01492 (JR)

Summary Judgment Hearing
May 13, 2008

Presentation by Plaintiffs Wyeth and Elan

# The '892 and '819 Patents Have Been Denied Patent Term Guaranteed by Congress

|  | Adjustment (Days) | Proper Adjustment | Lost Term |
|---|---|---|---|
| '892 Patent | 462 | 756 | **–294** |
| '819 Patent | 492 | 722 | **–230** |

# Summary of Argument

- Congress provided three independent guarantees of patent term adjustment

- To the extent that Congress wanted to limit those three independent delays, it did so expressly

- Plaintiffs' interpretation is consistent with the plain, unambiguous language of § 154(b), and fully supported by the legislative history
  - PTO interpretation eviscerates the independent guarantees
  - PTO interpretation produces inconsistent results

- The PTO has exceeded its authority

# In 1999, Congress Passed the Patent Term Guarantee Act, as Part of the American Inventor's Protection Act ("AIPA")

- "Guarantee" of **prompt PTO responses**: §154(b)(1)**(A)**

- "Guarantee" that patent **issue in three years**: §154(b)(1)**(B)**

- "Guarantee" that patent term not lost due to interferences, successful appeals, or secrecy orders: §154(b)(1)**(C)**

Guarantees subject to an "overlap" limitation at issue here

# Distinct Guarantees are Provided by 35 USC § 154(b)

(b) ADJUSTMENT OF PATENT TERM.
(1) PATENT TERM GUARANTEES —

| (A) GUARANTEE OF PROMPT PATENT AND TRADEMARK OFFICE RESPONSES — | (B) GUARANTEE OF NO MORE THAN 3-YEAR APPLICATION PENDENCY — |
|---|---|
| Subject to the limitations under paragraph (2), if the issue of an original patent is delayed due to the failure of the [PTO] to— <br><br> (i) [14-Month First PTO Action] <br> (ii) [4-Month Response to Applicant Reply / Appeal] <br> (iii) [4-Month Action on Appellate Decision]; or <br> (iv) [4-Month Issue after Issue Fee Payment] <br><br> the term of the patent shall be extended 1 day for each day after the end of the period specified in clause (i), (ii), (iii), or (iv), as the case may be, until the action described in such clause is taken. | Subject to the limitations under paragraph (2), if the issue of an original patent is delayed due to the failure of the [PTO] to issue a patent within 3 years after the actual filing date of the application in the United States, not including— <br><br> (i) [Applicant Request for Continued Examination (RCE)] <br> (ii) [(C)(i)-(iii) Delays below (interference proceeding, secrecy order, or appeal)]; or <br> (iii) [delay requested by Applicant] <br><br> the term of the patent shall be extended 1 day for each day after the end of that 3-year period until the patent is issued. |

# The Statute Provides an Overlap Limitation to the Separate Guarantees Under (A), (B) and (C)

"To the extent that **periods of delay** attributable to grounds specified in paragraph (1) **overlap**, the period of any adjustment granted under this subsection shall not exceed the **actual number of days** the issuance of the patent was delayed."

*§ 154(b)(2)(A)*

*i.e.*, Where delays under (A), (B) and (C) **overlap**, cannot receive more than one day of adjustment for a single day of delay

6



# The PTO's "Either / Or" Interpretation is Contrary to the Unambiguous Statutory Language

The PTO "interprets § 154(b)(2)(A) as permitting the greater of either patent term adjustment under § 154(b)(1)(A), **or** the patent term adjustment under § 154(b)(1)(B), but **not both**."

PTO Br. at 15 (emphasis in original)



# The PTO's Erroneous Construction Rests on its Inconsistent Definition of "(B) Delay"

"[T]he *entire period* during which the application was pending before the Office, and **not just the period beginning three years after the actual filing date** of the application, **is the period of delay** . . . in determining whether periods of delay overlap."

69 Fed. Reg. 21706 (April 22, 2004)

Thus, for the 3-year rule, "period of delay" means the **entire pendency of prosecution**

# The PTO's Shifting Definition of Delay

"Delay" *excludes* allotted time for action

Section 154(b)(1)(A)(i) Period of Delay – 559 Days

*PTO Br. at 25*

section 154(b)(1)(B) delay of 345 days.

*PTO Br. at 24*



*PTO Br. at 25*

Section 154(b)(1)(B) Period of Delay – 1440 Days

*PTO Br. at 25*

"Delay" *includes* allotted time for action

# If Congress Intended to Exclude (A) Delays from (B), It Knew How to Do So

**Guarantee (B) has express exclusions:**

- (i) time consumed by continuation applications examination of the application requested by the applicant under section 132(b)
- (ii) time consumed by interferences, secrecy orders and appeals (i.e., (C) delays plus lost appeals)
- (iii) delays requested by the applicant

**Congress did not exclude:**

- (iv) periods of adjustment under (A)

# The PTO's Approach Leads to Inconsistent Results



Applicant 2 suffers a substantial loss of patent term due to additional (B) delay

# The PTO's Factual Premise is Flawed – (A) and (B) Delays Are Not Inextricably Linked



# The PTO's Interpretation is Contrary to The Unambiguous Language of the Statute

- The statutory language unambiguously defines "**delay**"

- The statutory language unambiguously defines "**overlap**"

- Hence, interpretation of the Statute should end there

> "As in any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well."
>
> *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999)

# The PTO's Regulation is "Substantive"

"'[S]ubstantive declaration[s] with regard to the Commissioner's interpretation of the patent statutes, whether it be section 101, 102, 103, 112 or other section,' . . . fall outside the bounds of [35 U.S.C. §] 2(b)(2)'s mandate to regulate the 'conduct of proceedings' before the Office. . . ."

"Substantive declarations" are those that "**affect individual rights and obligations**" or "**produce other significant effects on private interests**."

*Tafas v. Dudas*, Slip Op. at 12, 17-18 (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281 (1979); *Am. Hosp. Assoc. v. Bowen*, 834 F.2d 1037, 1045 (D.C. Cir. 1987)).

# PTO Has No Substantive Rulemaking Authority

"[T]he law . . . is clear: Section 2(b)(2)'s authority is limited to rules governing the 'conduct of proceedings' before the Office, **the USPTO does not have the authority to issue substantive rules, and it does not have the authority to make substantive declarations interpreting the Patent Act**."

*Tafas v. Dudas*, Nos. 1:07-cv-846, 1:07-cv-1008, Slip Op. at 15 (E.D. Va. April 1, 2008) (citing *Merck & Co. v. Kessler*, 80 F.3d 1543, 1549-50 (Fed. Cir. 1996); *Animal Legal Def. Fund v. Quigg*, 932 F.2d 920, 930 (Fed. Cir. 1991))

# The PTO Concedes that "Periods of Adjustment" And "Periods of Delay" Are Synonymous

| To the extent that **periods of *adjustment*** attributable to the grounds specified in §1.702 overlap, the period of adjustment granted under this section shall not exceed the actual number of days the issuance of the patent was delayed.<br><br>*37 CFR 1.703(f)* **Pre-Revision** | To the extent that **periods of *delay*** attributable to the grounds specified in §1.702 overlap, the period of adjustment granted under this section shall not exceed the actual number of days the issuance of the patent was delayed.<br><br>*37 CFR 1.703(f)* **Post-April 2004 Revision** |
|---|---|

"Th[e] final rule . . . adopted other miscellaneous changes to the patent term adjustment regulations. One such miscellaneous change was a **_slight revision_** to 37 CFR 1.703(f) so that its language would more closely track the corresponding language of 35 U.S.C. 154(b)(2)(A). . . .

"The change to 37 CFR 1.703(f) in this final rule and the accompanying explanatory text in the supplementary information section of this final rule was **_not a substantive change_** to 37 CFR 1.703(f) or a change to the Office's interpretation of 35 U.S.C. 154(b)(2)(A). This change was **_simply a restatement_** of the position taken by the Office when implementing the patent term adjustment provisions of [AIPA] in 2000."

*69 Fed. Reg. 34283 (June 21, 2004)*

# Conclusion

Under the proper statutory construction, the '892 and '819 patents are entitled to adjustments for A and B delays

- The '892 Patent is entitled to **294** days of additional term

- The '819 Patent is entitled to **230** days of additional term